UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM W. BISHOP, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:19-cv-00981-GCS |
| | ) |
| PHILLIP BAKER and | ) |
| AMY HILL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff William W. Bishop III, a former inmate of the Illinois Department of Corrections ("IDOC") who was housed at the Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims related to the denial of hygiene items for a 30-day period. He seeks monetary damages. (Doc. 1). On February 21, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Bishop to proceed on an Eighth Amendment conditions of confinement claim against Baker and Hill. (Doc. 13).

Now pending before the Court is an August 21, 2020 motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants. (Doc. 24, 25). Along with the motion for summary judgment, Defendants filed the required Federal Rule of Civil Procedure 56 notice informing Bishop of the consequences of failing to respond to the motion for summary judgment. (Doc. 26). As of this date,

Bishop has not responded to the motion for summary judgment. For the following reasons, the motion for summary judgment filed by Defendants is **GRANTED**.

As stated before, Bishop has not responded to the motion despite being warned through Defendants' Rule 56 Notice, and the time to respond to the motion has passed. The Court considers Bishop's failure to respond as an admission of the merits of the motion filed by Defendants. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Bishop did not exhaust his administrative remedies as to his claims against Baker and Hill.

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants is **GRANTED**. The Court **DISMISSES without prejudice** Bishop's claims against Baker and Hill for failure to exhaust administrative remedies. The Court **DIRECTS** the Clerk of the Court to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: October 2, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.10.02 09:49:18 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**